UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NECA-IBEW PENSION TRUST FUND, ) <br> NECA-IBEW WELFARE TRUST FUND ) <br> and INTERNATIONAL BROTHERHOOD ) <br> OF ELECTRICAL WORKERS LOCAL  ) <br> UNION NO. 725,                               ) <br>                                                                 ) <br> **Plaintiffs,**                      ) <br> v.                                                            ) <br>                                                                 ) <br> BAYS COMPANY, LLC  d/b/a BAYS   ) <br> ELECTRIC, INC.; PREMIER                 ) <br> CONTRACTING INC. d/b/a PREMIER   ) <br> ELECTRICAL CONTRACTORS, INC.    ) <br> and their successors in interest,            ) <br> DENKI ELECTRIC, INC. and DINKI      ) <br> ELECTRIC INC.                                          ) <br>                                                                 ) <br> **Defendants.**                   ) | Case No. 08-CV-02133 |

## OPINION

This case is before the court for ruling on a Motion for Summary Judgment (#47) filed by Defendants Bays Company LLC d/b/a Bays Electric Inc. ("Bays"); Premier Contracting, Inc., d/b/a Premier Electrical Contractors, Inc. ("Premier"), and their successor in interest, Denki Electric Corporation, Inc. ("Denki") (collectively, "Defendants"). This court has carefully considered the arguments of the parties and the documents submitted. Following careful and thorough review, the Motion for Summary Judgment is DENIED.

BACKGROUND

Defendants Bays and Premier had employed bargaining unit individuals who were members of, and were represented by, International Brotherhood of Electrical Workers Local Union No. 725 ("Local 725"). Bays and Premier had participated in employee benefit fund programs

operated by Plaintiffs NECA-IBEW Pension Trust Fund ("Pension Fund") and NECA-IBEW Welfare Trust Fund ("Welfare Fund"). Bays and Premier had been required to make contributions to Plaintiffs Pension Fund and Welfare Fund in accordance with the terms and conditions of an agreement pursuant to the provisions of the Labor Management Relations Act of 1947 (LMRA), as amended, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 *et seq*. In November 2006, Bays and Premier each sent Local 725 one letter indicating that each company: (1) had laid off all of its employees; (2) was revoking its recognition of Local 725 as the collective bargaining agent representing its employees; and (3) was rescinding any and all collective bargaining agreements that may have arisen out of such recognition. On June 16, 2008, Plaintiffs filed a Complaint (#1) with this Court pursuant to 29 U.S.C. § 1145, seeking, *inter alia*, damages in the form of delinquent contributions and liquidated damages from Defendant's failure to remit contribution payments for the period spanning December 2006 through May 2008. Plaintiffs amended the complaint on November 20, 2008 (#18).

Plaintiffs have provided documents purporting to indicate that, subsequent to an unrelated dispute between Defendants and Local 725, arbitration decisions were issued in October 2006 awarding Local 725 with two new contracts with Defendants. These agreements appear to describe the rights and duties of both parties to run between December 1, 2006 and November 30, 2008. Plaintiffs allege that defendant Denki is Bays's and Premier's successor-in-interest. In the Amended Complaint (#18), Plaintiffs argue that because Denki is Bays's and Premier's successor-in-interest, Denki is bound by the agreement between Local 725 and Bays and Premier to make continued contributions to the trust funds through the expiration of the agreement,

notwithstanding Bays's and Premier's revocation of recognition. In the instant Motion (#47), Defendants argue that they are entitled to summary judgment on the ground that the case is barred by a limitation of action pursuant to § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b).

ANALYSIS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a mater of law." Fed. R. Civ. P. 56(c); see also Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986). In a motion for summary judgment, a district court normally determines whether there is any material dispute of fact that requires a trial. Waldridge v. Am. Hoechst Corp. 24 F.3d 918, 920 (7th Cir. 1994). However, Rule 56(c) further requires that the movant must also be entitled to judgment as a matter of law. Defendants' Motion must be denied because the administrative procedures of the NLRA, as asserted by Defendants, are inapposite to the instant case. Defendants therefore are not entitled to judgment as a matter of law and may not prevail at a motion for summary judgment.

Plaintiffs Pension Fund and Welfare Fund assert that they are not "labor organizations" as defined by 29 U.S.C. § 152(5). They instead allege that they are not-for-profit employee benefit plans administered in accordance with ERISA. If true, this Court would not have jurisdiction under 29 U.S.C. § 185(a), which requires a violation of a contract between an employer and a labor organization, but would instead have jurisdiction under ERISA, 29 U.S.C. § 1132(e), as alleged in the complaint (#18 ¶ 1), to hear a case regarding an action to recover delinquent

contributions in violation of the terms of a collective bargaining agreement, 29 U.S.C. § 1145. In ruling on a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255 (1986); The Andersons, Inc. v. Fall Grain, Inc., 646 F.Supp.2d 1029, 1034 (C.D. Ill. 2009). Plaintiffs provided a sworn affidavit from the Internal Control Supervisor for Plaintiffs Pension Fund and Welfare Fund stating that both Pension Fund and Welfare Fund are not-for-profit employee benefit plans, maintained in accordance with LMRA and ERISA (#62, exh. B). Therefore, for the purpose of the instant motion this Court shall treat Plaintiffs Pension Fund and Welfare Fund as not-for-profit employee benefit plans, and the instant case as a collections action pursuant to ERISA.

The six month statute of limitations as discussed in Defendants' Motion for Summary Judgment (#47) is inapplicable and fails for two reasons. Defendants' Brief in Support of its Motion for Summary Judgment (#48, p.3) cites to A&L Underground, 302 N.L.R.B. 467, 469 (1991) for the proposition that an aggrieved party has a six-month limitation period to file a complaint beginning when it receives clear and unequivocal notice of a violation. Under the NLRA, the National Labor Relations Board is empowered to prevent any person from engaging in an unfair labor practice. 29 U.S.C. § 160(a). This complaint is before a district court of the United States, not before the National Labor Relations Board. Moreover, the movant has no more than six months to serve a complaint alleging *an unfair labor practice*. 29 U.S.C. § 160(b) ("[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to . . . the service of a copy thereof upon the person against whom such charge is made."). Unfair labor practices include, *inter alia*, preventing an employee from participating in

a labor organization or forming a labor organization, refusing to bargain collectively with an employee's representative, and agreeing to boycott another employer. 29 U.S.C. § 158. Because failing to remit funds does not constitute an unfair labor practice as described in 29 U.S.C. § 158, an action to enforce an agreement to remit funds is not subject to the six month statute of limitations.

    For all the reasons stated, this Court concludes that Defendants' Motion for Summary Judgment must be denied.

    IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (#47) is DENIED.

                  ENTERED this 1st day of April, 2010

                          **s/ Michael P. McCuskey**
                         MICHAEL P. McCUSKEY
                        CHIEF U.S. DISTRICT JUDGE