# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **NECA-IBEW PENSION TRUST FUND,** et al., )<br>Plaintiffs, )<br>v. )<br>)<br>**BAYS COMPANY, LLC, d/b/a** )<br>**Bays Electric, Inc., et al.,** )<br>)<br>Defendants. ) | Case No. 08-2133 |

# REPORT AND RECOMMENDATION

In May 2010, Plaintiffs NECA- IBEW Pension Trust Fund, NECA- IBEW Welfare Trust Fund, and International Brotherhood of Electrical Workers Local Union No. 725 filed a Second Amended Complaint (#76) against Defendants Bays Electric Inc., Premier Electrical Contractors, Inc., Dinki Electric, Inc., Bays Company, LLC, and Denki Electric Corporation, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1145, and the Labor Management Relations Act, 29 U.S.C. § 185(a). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiffs have alleged a violation of federal law.

In July 2010, Defendant Dinki Electric, Inc. (hereinafter "Dinki") filed a Motion to Dismiss (#83), alleging insufficient service of process. Plaintiffs subsequently filed Plaintiffs' Response to Dinki Electric Inc.'s Motion to Dismiss (#86). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#86)** be **DENIED**.

Defendant moves to dismiss this matter for insufficient service of process on the basis that Plaintiffs have not properly served the registered agent or corporate officer of Dinki. (#83, ¶ 7.) In Plaintiffs' response, Plaintiffs allege that they properly served Bill Hillis, Dinki's president and registered agent, on June 5, 2010. They claim that because Defendant does not maintain a registered agent at the address on file with the Indiana Secretary of State, they accomplished service of process on Bill Hillis at his residence. (#87, pp. 2-3.) Defendant replies

that Bill Hillis does not reside at the location where Plaintiffs attempted service of process. (#89, p. 1.) Thus, it appears that Plaintiffs have accomplished service of process on the wrong Bill Hillis. This Court therefore concludes that Plaintiffs have not properly served Defendant Dinki.

Federal Rule of Civil Procedure 4(m) states:

If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Defendant Dinki should not be rewarded for failure to maintain a registered agent at the address on file with the Indiana Secretary of State. Therefore, this Court recommends that Defendant's Motion To Dismiss **(#86)** be **DENIED**. Plaintiffs should be ordered to complete service of process within 30 days.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 15th day of October, 2010.

                                                      s/ DAVID G. BERNTHAL
                                                      U.S. MAGISTRATE JUDGE