UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NECA-IBEW PENSION TRUST FUND, NECA-IBEW WELFARE TRUST FUND, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 725, <br><br>Plaintiffs,<br>v.<br><br>BAYS ELECTRIC, INC., PREMIER ELECTRICAL CONTRACTORS, INC., and their successors in interest, DINKI ELECTRIC INC., BAYS COMPANY, LLC, and DENKI ELECTRIC CORPORATION, INC.,<br><br>Defendants. | Case No. 08-CV-2133 |

## ORDER

On October 15, 2010, Magistrate Judge David G. Bernthal entered a Report and Recommendation (#95) in this case. Judge Bernthal stated that, in July 2010, Defendant Dinki Electric, Inc. (Dinki) filed a Motion to Dismiss (#83) alleging insufficient service of process. Judge Bernthal stated that, after reviewing the documentation presented by the parties, it appeared that Plaintiffs accomplished service of process on the wrong Bill Hillis. Judge Bernthal therefore concluded that Plaintiffs had not properly served Defendant Dinki. Judge Bernthal further concluded, however, that Dinki "should not be rewarded for failure to maintain a registered agent at the address on file with the Indiana Secretary of State." Judge Bernthal recommended that Dinki's Motion to Dismiss be denied and that Plaintiffs be ordered to complete service of process within 30 days.

On October 22, 2010, Plaintiffs filed a Response to Report and Recommendation (#96).

Plaintiffs stated that they did not object to the Report and Recommendation and that the Response was to inform this court that they had effected service of process on Dinki. Plaintiffs stated that Dinki's registered agent is Bill Hillis. According to the information Dinki provided to the Indiana Secretary of State, the registered agent's address is 650 E. Carmel Drive in Carmel, Indiana. Bill Hillis is also listed as the president of the company, with the same street address of 650 E. Carmel Drive. Plaintiffs stated that they retained Express Process Services, Inc. (Express) to serve Dinki. Plaintiffs provided documentation showing that Express's process server went to 650 E. Carmel Drive to serve Dinki's registered agent with the Summons and Second Amended Complaint. The process server could not find Hillis at that location. The other tenants in the building at 650 E. Carmel Drive never heard of Dinki Electric., Inc., or Bill Hillis. Plaintiffs stated that, accordingly, Dinki has failed to maintain a registered agent at the address shown in the Indiana Secretary of State's records.

Plaintiffs stated that they therefore have served Dinki by certified mail, return receipt requested. Plaintiffs stated, and provided documentation to show, that service was mailed to the president of the company, Bill Hillis, at 1173 Crawford Street, Terre Haute, IN 47807, which is the company's address according to the Indiana Secretary of State's records. Plaintiffs stated that they also mailed additional copies to the other addresses shown on the Secretary of State's records. Plaintiffs argued that they had effected service on Dinki under the applicable provisions of the Indiana Code.

On October 27, 2010, Defendants filed a Reply to Plaintiffs' Response (#97). Defendants argued that, under federal law, Plaintiffs must serve Dinki by personally serving its registered agent, William Hillis. Defendants did not deny that William Hillis is not located at the address Dinki

2

provided to the Indiana Secretary of State and did not provide any information regarding where William Hillis is located and could be personally served. Defendants also did not argue that the alternate addresses used by Plaintiffs to effect service by mail were wrong.

This court has carefully reviewed Judge Bernthal's Report and Recommendation, Plaintiffs' Response and Defendants' Reply. This court concludes that Dinki is still attempting to be rewarded for failing to maintain a registered agent at the address on file with the Indiana Secretary of State. The Indiana Code provides:

> (b) If a corporation has no registered agent, <u>or the agent cannot with reasonable diligence be served</u>, the corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the corporation or other executive officer . . . at the corporation's principal office. Service is perfected under this subsection at the earliest of:
>
> (1)  the date the corporation receives the mail;
>
> (2)  the date shown on the return receipt, if signed on behalf of the corporation; or
>
> (3)  five (5) days after its deposit in the United States mail, if mailed postpaid and correctly addressed.

Ind. Code § 23-1-24-4(b) (emphasis added). Plaintiffs have shown that they have complied with this statute.

This court further concludes that Dinki cannot rely on Rule 4(h) of the Federal Rules of Civil Procedure, which sets out the procedures for serving a corporation, because Plaintiffs have shown

that Dinki provided the Indiana Secretary of State with an incorrect address for its registered agent. This court agrees wholeheartedly with Judge Bernthal that Dinki should not be rewarded for its attempts to evade service of process. Under the unique circumstances present here, this court concludes that Plaintiffs have effected service on Dinki.

IT IS THEREFORE ORDERED THAT:

(1) Dinki's Motion to Dismiss (#83) is DENIED.

(2) This court concludes that Plaintiffs have effected service on Dinki. Dinki is allowed twenty (20) days from the date of this Order to file its Answer to the Second Amended Complaint (#76).

(3) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 29th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE